**Electronically Filed**
**Intermediate Court of Appeals**
**29630**
**29-JUL-2011**
**08:24 AM**

NO. 29630


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ALOHACARE, Plaintiff-Appellant, v.
DEPARTMENT OF HUMAN SERVICES, STATE OF HAWAI'I,
Defendant-Appellee, and DOES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-1531)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

In this secondary appeal from an administrative agency
matter, Plaintiff-Appellant AlohaCare (AlohaCare) appeals from a
Circuit Court of the First Circuit (circuit court)[1] judgment
entered on January 8, 2009 in favor of Defendant-Appellee
Department of Human Services, State of Hawai'i (DHS).

AlohaCare's appeal arises from an October 2007 DHS
request for proposals for managed care plans for which AlohaCare
submitted a bid but was not selected. AlohaCare lodged a protest
with the head of the purchasing agency pursuant to Hawaii Revised
Statutes (HRS) § 103F-501 (Supp. 2010),[2] then requested

---

[1] The Honorable Eden Elizabeth Hifo presided.

[2] HRS § 103F-501 provides, in relevant part:

> **Protested awards.** (a) A person who is aggrieved by an
> award of a contract may protest a purchasing agency's
> failure to follow procedures established by this chapter
> . . . provided the contract was awarded under section
> 103F-402 or 103F-403. Amounts payable under a contract

(continued...)

reconsideration from the Chief Procurement Officer pursuant to HRS § 103F-502 (Supp. 2010),[3] then appealed to the Department of Commerce and Consumer Affairs (DCCA) for administrative review citing HRS § 103D-709 (Supp. 2010).[4] The DCCA dismissed AlohaCare's appeal for lack of jurisdiction. AlohaCare appealed from the DCCA's dismissal order to the circuit court, citing HRS § 91-14(a) (1993) and HRS § 103D-710 (Supp. 2010). The circuit court also dismissed the appeal for lack of subject matter jurisdiction.

---

[2](...continued)
        awarded under section 103F-402 or 103F-403, and all other
        awards of health and human services contracts may not be
        protested and shall be final and conclusive when made.

            (b)   The protest shall be submitted to the head of the
        purchasing agency, in writing, . . . .

            (c)   The head of the purchasing agency, or a designee,
        may settle and resolve a protest . . . .

        . . . .

            (d)   If the protest is not resolved by mutual
        agreement, the head of the purchasing agency, or a designee,
        shall promptly issue a decision in writing.

        . . . .

            (e)   A decision under subsection (d) shall be final
        and conclusive unless a request for reconsideration is
        submitted to the chief procurement officer under section
        103F-502.

[3]     HRS § 103F-502 provides, in relevant part:

        **Right to request reconsideration.**   (a)   A request for
        reconsideration of a decision of the head of the purchasing
        agency under section 103F-501 shall be submitted to the
        chief procurement officer . . . .

            (b)   A request for reconsideration may be made only to
        correct a purchasing agency's failure to comply with section
        103F-402 or 103F-403[.]

        . . . .

            (d)   A decision under subsection (c) shall be final
        and conclusive.

[4]     HRS § 103D-709 provides administrative review of determinations by
the chief procurement officer or head of a purchasing agency for persons
aggrieved under provisions of chapter 103D, the Hawaii Public Procurement
Code.

On appeal from the circuit court's order and judgment, AlohaCare argues that circuit court erred (1) in ruling that the procurement regulations outlined in HRS chapters 103F and 103D do not provide for judicial review of DHS procurement decisions; (2) in determining that HRS chapter 103F is constitutional under article VI, section 1 of the Hawaiʻi Constitution; and (3) in determining that HRS chapter 103F is constitutional under article I, section 5 of the Hawaiʻi Constitution.

Upon careful review of the record and the briefs submitted, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant law, we resolve AlohaCare's appeal as follows:

(1) & (2) AlohaCare's first and second points on appeal, that HRS chapter 103F, which governs health and human services procurement, does not preclude judicial review of procurement decisions, and the absence of judicial review in HRS chapter 103F violates article VI, section 1 of the Hawaiʻi Constitution, have been resolved against it by Alakaʻi Na Keiki, Inc. v. Hamamoto, No. 29742, ___ Hawaiʻi ___, ___ P.3d ___, 2011 WL 2002224 (App. May 24, 2011).

(3) HRS chapter 103F's review process does not raise due process or equal protection concerns. To the extent AlohaCare claims it was denied due process by the lack of judicial review, that argument was also rejected in Alakaʻi Na Keiki, id. at *6.

Finally, we reject AlohaCare's argument that HRS chapter 103F's review process for aggrieved bidders violates equal protection principles because the absence of judicial review "would have [a] much greater detrimental effect on the person receiving services." AlohaCare does not have standing to raise the claims of health and human services recipients. Generally, "[c]onstitutional rights may not be vicariously asserted." Kaneohe Bay Cruises, Inc. v. Hirata, 75 Haw. 250, 265, 861 P.2d 1, 9 (1993) (internal quotation marks and citation omitted). AlohaCare is not a recipient of the state's health and

human services. Therefore, it cannot raise an equal protection claim that chapter 103F's review process detrimentally affects that class of individuals. Id. To the extent AlohaCare asserts its own right to equal protection based on the lack of judicial review for bidders under HRS chapter 103F, it presents no cogent argument in support of this claim and we reject it.

Therefore,

IT IS HEREBY ORDERED that the Circuit Court of the First Circuit's January 8, 2009 judgment and order dismissing AlohaCare's appeal for lack of jurisdiction is affirmed.

DATED: Honolulu, Hawai'i, July 29, 2011.

On the briefs:

Edward C. Kemper
for Plaintiff-Appellant.

Presiding Judge

John F. Molay
Lee-Ann N.M. Brewer
Deputy Attorneys General,
for Defendant-Appellee.

Associate Judge

Associate Judge

4